FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2018 MAY 11 P 3: 11

CLERK'S OFFICE
AT GREENBELT

BY_____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

**BISMARK KWAKU TORKORNOO,**

 Plaintiff,

v.

**STATE OF MARYLAND,** *et al.,*

 Defendants.

Case No.: GJH-17-2830

## MEMORANDUM OPINION

*Pro se* Plaintiff Bismark Kwaku Torkornoo seeks compensatory and punitive damages against Defendants State of Maryland, Attorney General Frosh, and State Treasurer Kopp based on the actions of Judge Cynthia Callahan and Magistrate Clark Wisor in Plaintiff's state court divorce and child custody matter, *Bismark Kwaku Torkornoo v. Mary Torkornoo*, No. 71419FL (Cir. Ct. Montgomery Cty. 2008). ECF No. 1. This Court has already dismissed with prejudice Plaintiff's same claims brought directly against Callahan and Wisor. *See Torkornoo v. Callahan, et al.*, No. PJM-15-2445, 2015 U.S. Dist. LEXIS 123298 (D. Md. Sept. 16, 2015) *aff'd* 627 F. App'x 183 (4th Cir. 2015) (hereinafter "*Torkornoo I*"). No hearing is necessary. Loc. R. 105.6 (D. Md. 2016).[1] For the following reasons, Plaintiff's Complaint is barred by the doctrine of collateral estoppel, and Defendants' Motion to Dismiss, ECF No. 18, shall be granted.

---

[1] Plaintiff has also filed a Motion for Summary Judgment and Second Amended Motion for Injunctive Relief. ECF Nos. 22, 25. Because the Court will grant Defendants' Motion to Dismiss, Plaintiff's motions will be denied as moot.

1

I.  DISCUSSION

Plaintiff has filed a 64-page Complaint, alleging a litany grievances against Callahan and Wisor based on a variety of rulings made in his state court divorce and child custody matter, bringing claims of fraud, discrimination, negligence, and abuse of process attributed to six "Incidents" that occurred over the course of the domestic dispute. ECF No. 1. Plaintiff alleges that Defendants are liable for the conduct of Wisor and Callahan, who:

> acted inappropriately and fraudulently to deny plaintiff equity, which is not limited to: (i) loss of his freedom and liberty with his children; (ii) evasion of court ordered visitation rights under the 3/25/2009 order; (iii) evasion of court ordered rights under 8/12/10 purge provision order; (iv) Ms. Torkornoo's interferences with plaintiffs rights under 3/25/2009 visitation order, 8/12/2010 purge order, and 11/21/2012 modified custody order; and (v) fraudulent misrepresentation in light of loss in equity of the fair market share of the proceeds of the sale of former marital property.

ECF No. 7 ¶ 8.

Plaintiff's Complaint is one of many filed in this Court, alleging error and misconduct relating to his State court domestic dispute. *See, e.g., Torkornoo v. Helwig*, No. TDC-15-2652, 2017 WL 4898260 (D. Md. Oct. 27, 2017), *appeal docketed*, No. 17-2319 (4th Cir. Nov. 15, 2017); *Torkornoo I*; *Torkornoo v. Torkornoo*, No. PJM-15-0980, 2015 WL 1962271 (D. Md. Apr. 29, 2015), *aff'd* 607 F. App'x 341 (4th Cir. 2015). Defendants' motion raises a number of arguments, contending that the claims are barred by Defendants' state, federal and common law immunities, collateral estoppel, and by Plaintiff's failure to comply with the Maryland Tort Claims Act. ECF No. 18-1 at 2–3. While any of Defendants' reasons provides the Court with an adequate and independent basis to dismiss the Complaint, the Court need only address collateral estoppel at this time.

The doctrine of collateral estoppel provides that, "[w]hen an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential

to the judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim." *Cosby v. Dep't of Human Res.*, 42 A.3d 596, 602 (Md. 2012) (quoting *Murray Int'l Freight Corp. v. Graham*, 555 A.2d 502, 504 (Md. 1989)). Once a court decides an issue of law or fact necessary to its judgment, that decision can be binding upon a party to it if the party was given a "full and fair opportunity to litigate that issue in the earlier case." *Allen v. McCurry*, 449 U.S. 90, 94–95 (1980) (citations omitted)); *Fullerton Aircraft Sales & Rentals v. Beech Aircraft Corp.*, 842 F.2d 717, 720 (4th Cir. 1988). For collateral estoppel to apply, the proponent must establish that: (1) the issue or fact sought to be precluded is identical to one previously litigated; (2) the issue or fact has been actually determined in the prior proceeding; (3) determination of the issue or fact was a critical and necessary part of the decision in the prior proceeding; (4) the prior judgment is final and valid; and (5) the party against whom estoppel is asserted had a full and fair opportunity to litigate the issue or fact in the previous forum. *In re Microsoft Corp. Antitrust Litig.*, 355 F.3d 322, 326 (4th Cir. 2004).

Here, this Court has already determined that Wisor and Callahan cannot be held liable for their conduct in Plaintiff's prior State court proceeding because their actions "fall within the purview of the absolute judicial immunity doctrine." *Torkornoo I*, 2015 U.S. Dist. LEXIS 123298, at *8. As stated in *Torkornoo I*:

> Given the well-established precedent that "judges have long enjoyed a comparatively sweeping form of immunity" from claims for money damages, *Forrester v. White*, 484 U.S. 219, 225 (1988), Torkornoo's § 1983 action against Judge Callahan is clearly not viable. As Torkornoo details throughout his Amended Complaint, Judge Callahan presided over a family law dispute, hearing and considering evidence and issuing orders. However allegedly "erroneous" Judge Callahan's "acts" in this regard may have been, and however allegedly "injurious" they may have been or seemed to be to Torkornoo, *see Cleavinger v. Saxner*, 474 U.S. 193, 199–200, Judge Callahan was clearly performing "judicial acts" in resolving Torkornoo's family law dispute.

*Id.* at *5–6.

3

Just as in *Torkornoo I*, Plaintiff's Complaint herein "amounts to a catalogue of the reasons why the outcome of Family Law Case No. 71419 was, in Torkornoo's view, flawed and unjust." *Id.* at *3. The only difference now is that Plaintiff brings his claims against State defendants instead of Callahan and Wisor directly and points to Title VII of the Civil Rights Act instead of 42 U.S.C. § 1983 as the basis for his underlying action. Neither difference avoids the preclusive effect of *Torkornoo I*.

Plaintiff appears to argue that Defendant is prohibited from invoking collateral estoppel based on an exception contained in Restatement (Second) of Judgments § 26(1)(d). ECF No. ECF No. 20-1 at ¶ 55. Section 26(1)(d) provides that a claim may be split from a valid final judgment when "[t]he judgment in the first action was plainly inconsistent with the fair and equitable implementation of a statutory or constitutional scheme, or it is the sense of the scheme that the plaintiff should be permitted to split his claim." The Court has no basis to find that this provision is applicable here. In reviewing the Complaint, the Court is unable to discern any conduct by Callahan or Wisor that would fall outside of the broad protections of judicial immunity.[2] Therefore, Plaintiff is collaterally estopped from bringing his claims against the State defendants, and his Complaint is dismissed with prejudice.

The Court once again cautions Plaintiff that his continual effort to obtain relief in Federal Court based on his dissatisfaction with Family Law Case No. 71419 is bordering upon conduct prohibited by Federal Rule of Civil Procedure 11 and may result in monetary sanctions. As already stated by this Court:

---

[2] Because Plaintiff is proceeding *pro se*, his pleadings are liberally construed. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, Plaintiff has inundated the Court with a number of voluminous filings, filled with nonsensical legal jargon and rambling case citations. Collateral estoppel notwithstanding, the Court is unable to decipher a colorable claim or legitimate argument in response to Defendants' Motion.

4

These dismissals should signal to Mr. Torkornoo that future attempts to litigate issues surrounding his divorce proceedings will not succeed. The Court reiterates its recommendation that Mr. Torkornoo review Federal Rule of Civil Procedure 11(b)-(c), which provides that the Court may impose monetary sanctions against a party for filing frivolous or baseless claims.

*Torkornoo v. Helwig*, 2017 WL 4898260 at *3.

## II.　CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss, ECF No. 18, shall be granted.

Plaintiff's Motions, ECF Nos. 22 and 25, are denied as moot. A separate Order follows.

Dated: May 10, 2018

　　　　　　　　　　　　　　　　　　　　GEORGE J. HAZEL
　　　　　　　　　　　　　　　　　　　　United States District Judge